In re Estate of Anstat: Bowers, Tax Commr., Appellee, *v.* Hadassah, The Women's Zionist Organization of America, Inc., Appellant.

(No. 38893—Decided April 7, 1965.)

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for appellee.

*Mr. Milton M. Bloom* and *Mr. Gordon C. Greene,* for appellant.

MATTHIAS, J. The single question presented by this appeal is whether the activities of Hadassah are such as to qualify it for exemption as to the Ohio succession tax, under the provisions of Section 5731.09, Revised Code, as an institution for purposes only of public charity.

That part of Section 5731.09, Revised Code, which is relevant to the instant case, reads as follows:

"The succession to any property passing * * * to or for the use of an institution for purposes only of public charity, carried on in whole or in a substantial part within this state * * * shall not be subject to Section 5731.02 of the Revised Code."

This section creates two conditions which must be fulfilled before an institution is entitled to tax exemption.

As was stated in the opinion in *In re Estate of Bremer,* 166 Ohio St. 233, 239:

"I. In order for a succession to be exempt from taxation under the provision of Section 5731.09, Revised Code, that it is 'to or for the use of an institution only of public charity, carried on in whole or in a substantial part within this state,' (1) it must be created to or for the use of an institution for the purposes only of public charity, and (2) such public charity must be carried on in whole or in a substantial part within this state."

Thus, an institution must be engaged not only in activities which constitute a public charity, but such activities must be carried on, at least to a substantial extent, in Ohio. It matters not how great a work of public charity is performed elsewhere, if such activities are not carried on in Ohio it is not entitled to an exemption from the Ohio succession tax. To determine the issue in the present case, it is necessary to examine the purposes and activities of the institution in question. The nature of an institution may be gleaned, at least in part, from the purpose clause in its constitution. *In re Estate of Osborn,* 159 Ohio St. 63.

Hadassah is a New York corporation. Its objects and purposes are set forth in article II of its constitution. Briefly, Sections A, B and C of its constitution relate to the providing of welfare services, medical aid and education to the people of the state of Israel and to the immigration of Jewish young people to the state of Israel. Section D of its constitution provides for the fostering of Jewish religion among Jewish youth, and for the promotion, growth and welfare of a Jewish homeland. Section E relates to a program to strengthen American democracy through information and study programs.

Any woman who subscribes to the above purposes is eligible for membership in such organization.

So much for the stated purposes of such organization. We now turn our attention to the activities of this organization and where they were performed. The year 1960-1961 was used as the pilot year in the hearing in the Probate Court. The evidence adduced at that hearing shows that during such period the organization received from dues and fund-raising campaigns approximately 11 million dollars. Of this 11 million dollars approximately 8½ million was expended in the state of Israel, while some 1½ million was expended in the United States.

The activities carried on in the United States consisted primarily of educational programs both in Judaism and Americanism for its members and Jewish youth, the publication of pamphlets and magazines in connection with such programs and fund-raising campaigns.

From an examination of its constitution and the evidence, it is clear that the primary purpose of the organization is aid in Israel, and a substantial part of the acts of public charity performed by Hadassah are performed not in Ohio, nor even in the United States, but in Israel.

What activities were carried on in Ohio?

The primary activities in Ohio consisted of educational programs in Jewish religion and history, educational programs in current events and scientific developments conducted primarily for the benefit of the members of the organization.

The actual money expended in Ohio was spent primarily

68

for carrying on the chapter programs, for membership campaigns, for fund raising and for paying guest speakers and expenses of seminars and institutes for the members in relation to current events.

Although some of such work in Ohio is charitable in nature, we are of the opinion that the record does not disclose that it represents a substantial enough part to justify tax exemption under our tax laws.

It is clear that Hadassah does perform great and laudable acts of public charity, but that no substantial part thereof is carried on in Ohio. Thus, it is not entitled to an exemption from the Ohio succession tax.

There being no error in the judgment of the Court of Appeals, it is affirmed.

*Judgment affirmed.*

TAFT, C. J., SMITH, HERBERT, SCHNEIDER and BROWN, JJ., concur.

O'NEILL, J., not participating.

SMITH, J., of the Sixth Appellate District, sitting for ZIMMERMAN, J.